UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 16-7653 JLS (RAO) | Date: | January 13, 2017 |
| Title: | Tito Ace Thomas v. California Victim Compensation Program, et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

On September 30, 2016, Plaintiff Tito A. Thomas ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint, presumably pursuant to 42 U.S.C. § 1983 and/or § 1981 ("Complaint"). The Complaint names as defendants the California Victim Compensation Program ("CVCP"); the former Chief of Police of the Hawthorne Police Department ("HPD"), Michael Heffer ("Heffner"); and Hawthorne City Attorney Alison Stevens ("Stevens") (collectively, "Defendants").

The Complaint alleges that the HPD falsely arrested Plaintiff, resulting in Plaintiff being held in jail for six days; that a sample of Plaintiff's DNA was taken; that the HPD unlawfully searched Plaintiff's home; that Plaintiff was the victim of racial profiling; that the City of Hawthorne covered up the (alleged) fact that Plaintiff was hit over the head but not taken for medical treatment. (Compl., Dkt. No. 1 at 21-22.)[1] The Complaint also suggests that he has had to see a therapist due to his alleged false arrest, and that he was given paperwork to give to the CVCP. (*Id.*) The Complaint attaches as an exhibit a motion to dismiss filed in another lawsuit[2] instituted in this Court by Plaintiff. (*See id.* at 5-20.) Liberally construed, the Complaint attempts to raise claims relating to Plaintiff's rights under the Fourth and/or Fourteenth Amendments.

---

[1] The Court refers to the page numbers provided by the Court's electronic docket when citing to the Complaint.

[2] That other case, number 2:16-cv-05924-JLS-RAO, is also before this Court. The Court notes that Plaintiff has filed multiple other lawsuits in this District before this and other Courts, including case numbers 2:16-cv-04734-SJO-PJW; 2:16-cv-07740-PSG-RAO; and 2:16-cv-07756-SJO-AS.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 16-7653 JLS (RAO)      Date: January 13, 2017
Title:      Tito Ace Thomas v. California Victim Compensation Program, et al.

For the reasons below, Plaintiff's Complaint is **DISMISSED** with leave to amend.

## I. THE SCREENING REQUIREMENT

District courts are required to screen civil complaints filed by individuals proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court may dismiss such a complaint, or a portion thereof, before service of process if the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *Id.*

To determine whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Federal Rules of Civil Procedure Rule 8 as it would when evaluating a motion to dismiss under Rule 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (discussing 28 U.S.C. § 1915A). That is, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. E. 2d 868 (2009) (internal quotation marks omitted). The task is context-specific and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must construe all factual allegations set forth in the complaint as true and in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, the Court is not required to blindly accept conclusory allegations, unwarranted factual deductions, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## II. LEGAL STANDARDS

### A. 42 U.S.C. § 1983

Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 16-7653 JLS (RAO)      Date: January 13, 2017
Title: Tito Ace Thomas v. California Victim Compensation Program, et al.

     Section 1983 does not create substantive rights but instead acts as a vehicle for bringing federal constitutional and statutory challenges to actions by state and local officials. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

     **B.**     **False Arrest and Imprisonment**

     "False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). False imprisonment is detention without process, and it ends when a victim becomes held pursuant to process. *See id.* at 389. To prevail on a claim for false arrest and imprisonment, a plaintiff must demonstrate that there was no probable cause to arrest the plaintiff. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998); *see also Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001) ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.").

     **C.**     **Unlawful Search**

     The Fourth Amendment protects, among other things, "[t]he right of the people to be secure in their persons [and their] houses . . . against unreasonable searches." U.S. Const., amend. IV. "The Fourth Amendment generally requires [government officials] to secure a warrant before conducting a search." *Maryland v. Dyson*, 527 U.S. 465, 467, 119 S. Ct. 2013, 144 L. Ed. 2d 442 (1999) (per curiam). However, there are exceptions to the warrant requirement, such as where there is consent to the search or where there are exigent circumstances. *Steagald v. United States*, 451 U.S. 204, 211-12, 101 S. Ct. 1642, 68 L. Ed. 2d 38 (1981). "Even if a warrant is not required, a search is not beyond Fourth Amendment scrutiny; for it must be reasonable in its scope and manner of execution." *Maryland v. King*, _ U.S. _, 133 S. Ct. 1958, 1970, 186 L. Ed. 2d 1 (2013).
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 16-7653 JLS (RAO)      Date: January 13, 2017
Title: Tito Ace Thomas v. California Victim Compensation Program, et al.

### D.     Equal Protection

Among other things, the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. An equal protection violation occurs when persons similarly situated are unfairly treated differently. *See Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). Moreover, "[t]o state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren*, 152 F.3d at 1194.

### E.     Deliberate Indifference

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993). "Conditions [of confinement] must not involve the wanton and unnecessary infliction of pain . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). "A claim of unconstitutional conditions of confinement . . . may be based on a theory of deliberate indifference." *Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011). "The Eighth Amendment's prohibition of cruel and unusual punishments applies only after conviction and sentence. Pretrial detainees are not convicted prisoners. Therefore, pretrial detainees are accorded no rights under the Eighth Amendment. Instead, their rights arise under the Due Process Clause of the Fourteenth Amendment." *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001) (citations omitted) (internal quotation marks omitted). However, "[b]ecause pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, . . . [courts] apply the same standards." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). *But see Jacques v. McDonnell*, No. CV 16-3599-GW (KS), 2016 WL 4180959, at *4 n.4 (C.D. Cal. Aug. 5, 2016) (Report and Recommendation) (noting that the standard for stating a Fourteenth Amendment claim regarding conditions of confinement "is in question").

The government must give medical care to those punished by incarceration. *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). In order to prevail on an inadequate medical care claim, a plaintiff must show "deliberate indifference to his serious medical needs." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: CV 16-7653 JLS (RAO)      Date: January 13, 2017
Title: Tito Ace Thomas v. California Victim Compensation Program, et al.

(quotations omitted). In the Ninth Circuit, the test for deliberate indifference consists of two parts. *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006). "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* (citations and internal quotation marks omitted). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* (citation omitted).

    **F.**      **42 U.S.C. § 1981**

Section 1981 provides, in part, that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory . . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). As with § 1983 claims regarding Equal Protection, in order to prevail on a claim under Section 1981, a plaintiff "must show intentional discrimination on account of race." *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989).

### III. DISCUSSION

The Complaint refers to or implicates various constitutional rights,[3] and so the Court will construe the Complaint as primarily raising claims under 42 U.S.C. § 1983. Additionally, the Complaint may also attempt to raise a claim under 42 U.S.C. § 1981.

---

[3] The Complaint also refers to a provision of the California Penal Code, section 118.1. (Compl. at 4, 5.) That provision states:

> Every peace officer who files any report with the agency which employs him or her regarding the commission of any crime or any investigation of any crime, if he or she knowingly and intentionally makes any statement regarding any material matter in the report which the officer knows to be false, whether or not the statement is certified or otherwise expressly reported as true, is guilty of filing a false report punishable by imprisonment in the county jail for up to one year, or in the state prison for one, two, or three years. This section shall not apply to the contents of any statement which the peace officer attributes in the report to any other person.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 16-7653 JLS (RAO)        Date: January 13, 2017
Title: Tito Ace Thomas v. California Victim Compensation Program, et al.

### A. Plaintiff's Claims Are Time-Barred

As a preliminary matter, based on the information provided in the Complaint, Plaintiff's claims are time-barred.

The applicable statute of limitations for claims under § 1983 is the state's statute of limitations for personal injury actions. *Wallace*, 549 U.S. at 387; *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). In California, the pertinent statute of limitations is two years after the accrual of the claim, pursuant to California Code of Civil Procedure section 335.1. *See Canatella*, 486 F.3d at 1132. However, federal law determines when the statute of limitations begins to run. *Lukovsky v. City and Cnty. of S.F.*, 535 F.3d 1044, 1048 (9th Cir. 2008). A claim accrues when the plaintiff knows or has reason to know the basis of the claim. *Id.* (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

In certain circumstances, the statute of limitations may be tolled. A federal court must give effect to a state's tolling provisions to the extent that they are not inconsistent with federal law. *Id.* at 1051 n.5 (citing *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002)). For example, in California, imprisonment is recognized as a disability that tolls the statute of limitations. *See* Cal. Code Civ. Pro. § 352.1(a) ("If a person . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under sentence of a criminal court for a term of less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.").

The statute of limitations may also be subject to equitable tolling. Equitable tolling focuses on "whether there was excusable delay by the plaintiff." *Lukovsky*, 535 F.3d at 1051. "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Id.* (quoting *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002)) (internal quotation marks omitted).

---

It is doubtful that Plaintiff may bring a civil lawsuit to enforce this provision of the California criminal law. However, Plaintiff appears to be primarily concerned with the consequences for him of allegedly false police reports, which the Court notes may fall within the confines of one or more recognized theories of liability under 42 U.S.C. § 1983. The Court thus will construe the Complaint as raising claims under § 1983, and not the California Penal Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 16-7653 JLS (RAO)     Date: January 13, 2017
Title: Tito Ace Thomas v. California Victim Compensation Program, et al.

Additionally, equitable estoppel may apply to relieve a plaintiff from the running of the statute of limitations. Equitable estoppel focuses on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as "fraudulent concealment." *Johnson*, 314 F.3d at 414 (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir.1990)). To benefit from equitable estoppel, the plaintiff must point to some active conduct by the defendant "above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (quoting *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176-77 (9th Cir. 2000)).

Here, the Complaint refers only to events that took place in 2009. (*See* Compl. at 6 (stating that DNA sample was collected January 5, 2009); *id.* at 21 (stating Plaintiff was the subject of a false arrest in 2009 and that the HPD unlawfully searched his home between December 31, 2008 and January 5, 2009).) Thus, the Complaint bases its claims solely on events well beyond the statutory period. Plaintiff does not allege any facts suggesting that Plaintiff's claims accrued more recently, that Plaintiff is entitled to tolling of the statute of limitations, or that equitable estoppel applies. Because the conduct forming the basis of any possible claims raised by the Complaint took place at least seven years prior to the filing of the Complaint, those claims are time-barred.

Thus, based on the allegations in the Complaint, the Court must conclude that any claims potentially raised by the Complaint are barred by the statute of limitations.

    **B.**     **Plaintiff Fails To Provide A Short And Plain Statement Of The Claim**

"Federal Rule of Civil Procedure 8(a) states that '[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.' A claim is the 'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (alteration in original) (citation omitted). To comply with Rule 8(a), the "plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case . . . ." *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: CV 16-7653 JLS (RAO)      Date: January 13, 2017
Title:      Tito Ace Thomas v. California Victim Compensation Program, et al.

In *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996), the Ninth Circuit illustrated what a "short and plain" statement is by quoting from an official federal form as follows:

> The complaints in the official Appendix of Forms are dramatically short and plain. For example, the standard negligence complaint consists of three short paragraphs:
>
> 1. [Allegation of jurisdiction.]
>
> 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of _____ dollars and costs.
>
> Fed. R. Civ. P. Form 9. This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes.

*Id.* at 1177.

     Here, the entirety of the factual allegations in the Complaint consists only of a handful of paragraphs of any substance as well as a brief filed by an opponent explaining why another of Plaintiff's lawsuits should be dismissed. The Complaint alludes to a number of possible legal theories, but none contain the requisite factual support to enable the Court to determine that Plaintiff may be entitled to any relief. Each of the possible theories suggested by the Complaint spans no more than a single sentence. This is insufficient to demonstrate the existence of a plausible claim under any of the various legal theories listed above.

     Additionally, the Plaintiff names a number of defendants but does not explain what any of them did to Plaintiff. "[A] public official is liable under § 1983 only if he *causes* the plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 16-7653 JLS (RAO)            Date: January 13, 2017
Title:      Tito Ace Thomas v. California Victim Compensation Program, et al.

to be subjected to a deprivation of his constitutional rights." *Baker v. McCollan*, 443 U.S. 137, 142, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979) (emphasis included) (internal quotation marks omitted). In other words, "the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). Plaintiff fails to satisfy this requirement for either Heffner or Stevens. A government agency can be held liable under 42 U.S.C. § 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, or where the action is made pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels." *Jackson v. Barnes*, 749 F.3d 755, 762-63 (9th Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)) (internal quotation marks omitted). Plaintiff fails to allege any of the foregoing with respect to CVCP.

       Furthermore, Plaintiff's explanation of why there is jurisdiction in this Court due to the existence of a federal question appears to refer only to state law. *See West*, 487 U.S. at 48 (stating that a § 1983 plaintiff "must allege the violation of a right secured by the Constitution and laws *of the United States*" (emphasis added)). To the extent that Plaintiff would argue that the collection of his DNA sample violated the United States Constitution, that claim likely must fail. *See King*, 133 S. Ct. at 1980 ("When officers make an arrest supported by probable cause to hold for a serious offense and they bring the suspect to the station to be detained in custody, taking and analyzing a cheek swab of the arrestee's DNA is, like fingerprinting and photographing, a legitimate police booking procedure that is reasonable under the Fourth Amendment.").

       Finally, it is doubtful that the Court could award the only relief that the Complaint seeks (appointing the Department of Justice to look into Plaintiff's allegations).

       Accordingly, the Complaint is facially deficient and fails to state a claim against any of the Defendants.
///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: CV 16-7653 JLS (RAO)      Date: January 13, 2017
Title: Tito Ace Thomas v. California Victim Compensation Program, et al.

    **C. Plaintiff Fails To State A Claim Against Any Defendant For Racial Discrimination**

    The Complaint states that Plaintiff "feel[s]" that his alleged unlawful search and his six-day incarceration following his allegedly false arrest were due to "racial profiling." (Compl. at 5.) Apart from this bare allegation that Plaintiff suspects that law enforcement targeted him due to his race, the Complaint is devoid of any indication that Plaintiff was discriminated against. The Complaint's statement about the alleged racial profiling is not tied in any meaningful way to any of the other allegations in the Complaint. While the Complaint's reference to "racial profiling" may suggest some intentional act, there is nothing further in the Complaint to support this allegation. Absent any factual basis, the Complaint fails to support a claim that Plaintiff was the subject of racial discrimination.

    Accordingly, the Complaint fails to state a viable claim against any defendant under either § 1981 or § 1983.

**IV. CONCLUSION**

    In light of the foregoing, the Complaint is hereby **DISMISSED** with leave to amend.

    If Plaintiff intends to pursue this matter, he shall file a "First Amended Complaint" by **February 13, 2017**. If, given the contents of this Order, Plaintiff elects not to proceed in this action, he may expedite matters by signing and returning the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice. Any amended complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint, *i.e.*, it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2; (c) contain a "short plain" statement of the claim(s) for relief, *see* Fed. R. Civ. P. 8(a); (d) make each allegation "simple, concise and direct." Fed. R. Civ. P. 8(d)(1); (e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); (f) set forth clearly the sequence of events giving rise to the claims for relief; and (g) allege with sufficient specificity what each defendant did and how that individual's conduct violated Plaintiff's civil rights.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: CV 16-7653 JLS (RAO)      Date: January 13, 2017
Title: Tito Ace Thomas v. California Victim Compensation Program, et al.

    **Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a First Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

    **Finally, the Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiff to facilitate his filing of a First Amended Complaint if he elects to proceed in that fashion.**

    **IT IS SO ORDERED.**

    Attachments.

                                          :
Initials of Preparer     gr